IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clarence Austin Harrison, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:14-3801-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Tim Riley, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Clarence Austin Harrison's ("Harrison" or "Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On August 5, 2015, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and dismiss this action with prejudice. The Court granted Petitioner an extension of time to file objections, giving him until September 7, 2015, to do so. On September 11, 2015, in the absence of any objections from Petitioner, the Court issued an order adopting the Magistrate Judge's Report and granting Respondent's motion for summary judgment. The Court entered judgment the same day.

On September 18, 2015, the Court received objections from Petitioner, and Petitioner ultimately appealed the Court's September 11 order. On April 8, 2016, the Fourth Circuit Court of Appeals issued an opinion granting Petitioner's appeal and finding that Petitioner's objections, which were postmarked September 8, 2015, were timely filed

because September 7 was a federal holiday.  Accordingly, the Fourth Circuit vacated this Court's September 11 order and remanded for consideration of Petitioner's objections.

## BACKGROUND

In March of 2006, the Abbeville County Grand Jury indicted Petitioner for assault and battery with intent to kill, attempted armed robbery, and possession of a firearm or knife during the commission of a violent crime.  Attorneys Charles Grose and Alex Buergey represented Petitioner at a trial before the Honorable Roger Couch on March 20-23, 2006. On March 23, the jury convicted Petitioner as charged, and the state court sentenced Petitioner to 20 years' imprisonment for armed robbery, 20 years' imprisonment for assault and battery with intent to kill, and 5 years' imprisonment for possession of a weapon during the commission of a violent crime, all to run concurrently.  Petitioner is currently incarcerated at the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC").

Petitioner filed a direct appeal and was represented by attorney Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense.  In his final brief, Petitioner raised the following issues:

> 1.  Did the judge err in refusing to grant a mistrial when the witness testified before the jury that appellant had just been released from jail?
>
> 2.  Did the judge err in refusing to grant a mistrial when a witness for the State testified that the solicitor told her, prior to her testimony before the jury, that she could not assert her Fifth Amendment right against self incrimination?
>
> 3.  Did the judge err in instructing the jury that assault and battery of a high and aggravated nature contains all the elements of assault and battery with intent to kill with the exception of malice aforethought?

(ECF No. 17-4 at 4.)  In an unpublished opinion filed on February 11, 2009, the South

Carolina Court of Appeals affirmed the judgment of the lower court. Petitioner filed a petition for rehearing, but in an order dated March 24, 2009, the South Carolina Court of Appeals denied the petition.

Petitioner, through counsel, filed a petition for a writ of certiorari raising the following issues:

> 1.  Did the Court of Appeals err in affirming the trial judge's error in instructing the jury that assault and battery of a high and aggravated nature contains all of the elements of assault and battery with intent to kill with the exception of malice aforethought?
>
> 2.  Did the Court of Appeals err in affirming the trial judge's error in refusing to grant a mistrial when the witness testified before the jury that appellant had just been released from jail?
>
> 3.  Did the Court of [A]ppeals err in affirming the trial judge's error in refusing to grant a mistrial when a witness for the State testified that the solicitor told her, prior to her testimony before the jury, that she could not assert her Fifth Amendment right against self incrimination?

(ECF No. 17-9 at 4.) The Supreme Court of South Carolina denied the petition on April 8, 2010, and the matter was remitted to the lower court on April 12, 2010.

On December 16, 2010, Petitioner filed an application for post-conviction relief ("PCR") and supplemented the application several times thereafter. Petitioner raised the following grounds for relief, taken verbatim from his application and supplements:

> A) Ineffective Assistance of trial counsel
>
> #1 Applicant was denied the effective assistance of trial counsel in violation of the 6 and 14th Amendments to the US Constitution and Articles 1 § 3 and § 14 of the South Carolina Constitution when counsel Charles Grose moved to enter hearsay statements for the purpose of showing the state of mind of investigating officer.
>
> #2 Applicant was denied the effective assistance of trial counsel in violation of 6 and 14th Amendments to the US Constitution and Articles 1 § 3 and 1 § 14 of the South Carolina Constitution when counsel denied applicant's due

3

process to effective assistance when he fail to object to Sgt. Raymond Vandiver was recalled to the stand for impeachment of the State's witnesses who under oath recanted the out-of-court statements that was given to the Law-enforcement.

#3 Applicant was denied the effective assistance of Appellate Counsel in violation of the 6th and 14th Amendments to the US Constitution and Article 1 § 14 of the South Carolina Constitution when Appellate Counsel fail to raise an issue on Direct Appeal that prosecutor made an improper closing argument. . . .
The improper closing arguments shifts the burden of proof in which Applicant must overcome. . . .

#4 Applicant was denied the effective assistance of counsel in violation of the 6th and 14th Amendments to the US and Article 1 § 14 and Article 1 § 10 of the SC Constitution when counsel Grose failed to ask the trial court to dismiss the statements allegedly given by State's witnesses a day before, and the morning of trial. . . .

B) Confrontation Clause Violation

#1 Applicant was denied the effective assistance of counsel in violation of the 6 and 14th Amendments to the US Constitution and Articles 1 § 3 and 1 § 8 of the 1895 Constitution of South Carolina Provides: "In all criminal prosecutions the accused shall enjoy the right to be confront with the witnesses against him: This constitutional Right is restated in Section 17-506 of the 1952 Code of Laws of South Carolina which provides: Every person accused shall at his trial have a right to meet the witnesses produced against him face to face.
Torey Brown had a major impact in Applicants proceedings to his connections to all of the States witnesses.
A personal examination of Torey Brown was needed to give Applicant the opportunity not only of testing the recollection and sifting the conscience of the witness, and compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. . . .

(ECF No. 17-2 at 185-88.)  Petitioner also complained that:

Counsel failed to effectively represent Petitioner by: failing to call a subpoenaed witness who had information regarding Torey Brown's connection to the state's witnesses; bringing in a prejudicial statement that implicated Petitioner in criminal activity; failing to object to reference to prior bad acts in the indictments; and failing to raise issue on appeal involving an

overruled objection to a statement made by the prosecutor during closing
argument.

(*Id.* at 189.)

On June 7, 2012, the Honorable Thomas A. Russo held an evidentiary hearing at
which Petitioner appeared and was represented by attorney Jennings B. Anderson.  In an
order dated August 6, 2012, Judge Russo denied the PCR application.

Petitioner, through his attorney, then filed a *Johnson* petition for a writ of certiorari
on September 17, 2013, raising the following issue: "Whether Appellant's trial counsel was
ineffective for failing to renew an objection to the prosecuting attorney's repeated
interjection of the prosecuting attorney's credibility, thereby in essence becoming a witness
for the State." (ECF No. 17-14 at 4.) Petitioner also filed a pro se response to the *Johnson*
petition.  On August 21, 2014, the Supreme Court of South Carolina entered an order
denying the petition for a writ of certiorari, and the matter was remitted to the lower court
on September 8, 2014.

Petitioner filed the instant § 2254 petition on September 29, 2014, raising the
following grounds, taken verbatim from his petition:

> **GROUND ONE:** Denial of fair trial due to judicial error.
> **(a) Supporting facts:** During the voir dire of the jury there was testimony in
> reference to the petitioner history of being incarcerated, which inflamed the
> minds of the jurors to return a guilty verdict.  This matter was also in the body
> of the indictment that was submitted to the jury to deliberate on.  This
> testimony and language clearly implies that the petitioner had already been
> convicted of these charges of the indictment.
>
> **GROUND TWO:** Violation of the Confrontation Clause (Ineffective
> Assistance of Counsel)
> **(a) Supporting facts:** Counsel introduced a statement from an alleged
> witness of the crime during the cross-examination of Lieutenant Smith which
> was hearsay-within-hearsay.  Petitioner never had an opportunity to question

5

this witness about this statement because he did not testify at trial which is a violation of his right to confront his accuser. The victim testified that he was unaware of who shot him.

**GROUND THREE:** Ineffective Assistance of Counsel for not objecting to the solicitor becoming a witness
**(a) Supporting facts:** In response to the witnesses' changing their testimony from their prior statement the prosecutor proceeded to impermissibly interject his own credibility against the witnesses. The records demonstrates no less than fourteen instances of such conduct, but counsel never made any objections. This made the jury focus on the credibility of the state and not the evidence that was to determine Petitioner's guilt or innocence.

**GROUND FOUR:** Denial of Fair Trial due to judicial error in regards to jury charges
**(a) Supporting facts:** The judge gave a jury charge concerning the definition of malice as it relates to assault and battery with intent to kill. This puts the mindset of the Defendant in issue as opposed to the evidence.

(ECF No. 1 at 6-11.)

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

6

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    **Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## III.    **Habeas Corpus**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that §
2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent
meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to"
clause if the state court applies a rule different from the governing law set forth in
controlling cases, or if it decides a case differently than the Supreme Court has done on
a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant
relief under the "unreasonable application" clause if the state court correctly identifies the
governing legal principle from Supreme Court decisions but unreasonably applies it to the
facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall
be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the
presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A.    **Exhaustion of Remedies and Procedural Bar**

In the interest of giving state courts the first opportunity to consider alleged
constitutional errors in a state proceeding, relief under § 2254 may be had only after a
petitioner has exhausted his state court remedies. "To satisfy the exhaustion requirement,
a habeas petitioner must present his claims to the state's highest court." *Matthews v.
Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).

To exhaust a claim in state court, a person in custody has two primary means of
attacking his conviction: filing a direct appeal and/or filing a PCR application under the
South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160. If the
PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, then counsel
for the applicant must file a motion to alter or amend the judgment pursuant to Rule 59(e)

8

of the South Carolina Rules of Civil Procedure.  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. South Carolina*, 653 S.E.2d 266, 267 (S.C. 2007); *see also Marlar v. Warden, Tyger River Correctional Inst.*, 432 F. App'x 182, 186-88 (4th Cir. May 25, 2011).  "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."  *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564 (1990).

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Matthews*, 105 F.3d 907 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).  Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear.  *Teague,* 489 U.S. at 297-98.

Nevertheless, because the requirement of exhaustion is not jurisdictional, a federal

court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court will review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice resulting from the failure, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

"Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir.1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation

10

has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B.    Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

**ANALYSIS**

I.     **Ground One**

As his first ground for relief, Petitioner asserts that he was denied a fair trial "due to judicial error." (ECF No. 1 at 6.) More specifically, Petitioner complains that the jury panel was informed during voir dire of Petitioner's arrest history, and that the indictment, which was submitted to the jury during deliberations, contained language implying "that petitioner had already been convicted of these charges of the indictment." (ECF No. 1 at 6.)

In her Report, the Magistrate Judge determined that ground one is procedurally defaulted because counsel made no objections during voir dire, and the issues were not raised on direct appeal. In addition, the Magistrate Judge determined that Petitioner failed to demonstrate cause and prejudice, or actual innocence, to excuse the procedural default. Moreover, the Magistrate Judge found Petitioner's reliance on *Martinez v. Ryan*[1] unavailing, first, because ground one–at least as stated in the petition–does not allege an ineffective-assistance-of-counsel claim, and, second, because to the extent Petitioner now attempts to couch ground one as an ineffective-assistance-of-counsel claim, the underlying claim is not "substantial." 132 S. Ct. 1309, 1315 (2012).

In his objections to the Magistrate Judge's Report, Petitioner asserts that he presented the facts of this issue as an ineffective-assistance-of-counsel claim in his

---

[1] Pursuant to *Martinez*, an error by a prisoner's PCR counsel during an initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness if: (1) state law required the prisoner to wait until PCR to raise the *Strickland* claim; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that PCR counsel was ineffective under *Strickland*. *Martinez*, 132 S. Ct. at 1318-19. To the extent the Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the claim, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.*

amended PCR application, but he contends that PCR counsel's line of questioning during the PCR hearing focused on the judge's conduct rather than on trial counsel's conduct. Accordingly, Petitioner contends that *Martinez* applies and excuses the procedural default. In addition, Petitioner contends that it would be a gross miscarriage of justice for the Court not to entertain this ground because "the PCR judge during the same court term as Petitioner's granted relief on the same issue in Petitioner's co-defendant's case." (ECF No. 31 at 2-3.) In support of his argument, Petitioner attaches a copy of the PCR court's order granting relief to co-defendant Alti Monte Haskell. (*See* ECF No. 31-1.)

After review, the Court finds Petitioner's objections to be without merit. As an initial matter, the Court agrees with the Magistrate Judge that despite the fact that Petitioner now attempts to couch ground one as an ineffective-assistance-of-counsel claim, his petition does not assert an ineffective-assistance-of-counsel claim. Instead, the petition alleges that Petitioner was denied a fair trial due to "judicial error" because the court informed the jury panel during voir dire of Petitioner's arrest history and because the court submitted an indictment to the jury during deliberations, which, according to Petitioner, implied that he "had already been convicted of these charges of the indictment." (ECF No. 1 at 6.) These alleged judicial errors were not raised at trial or on direct appeal; therefore, the Court agrees with the Magistrate Judge that ground one–as stated in the petition–is procedurally defaulted. Moreover, the Court does not believe Petitioner has shown cause for the default and actual prejudice, or that failure to consider the claim as set forth in the petition will result in a miscarriage of justice.

Next, however, even if the Court considers Petitioner's claim in the context of ineffective assistance of counsel (insofar as Petitioner asserts in his response in opposition

13

to Respondent's motion for summary judgment that appellate counsel was ineffective for failing to raise the judicial error issues on direct appeal and/or that PCR counsel was ineffective for failing to file a Rule 59(e) motion to obtain a ruling on the issues at PCR), the Court agrees with the Magistrate Judge that Petitioner's reliance on *Martinez* is unavailing. (*See* ECF No. 21 at 2.)

As previously noted, in *Martinez*, the Supreme Court considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." 132 S. Ct. at 1313. Thus, for *Martinez* to apply, Petitioner must allege that PCR counsel failed to properly raise the issue of trial counsel's failure to object to the alleged trial court errors. Even assuming for the sake of argument that Petitioner has made such an allegation, the Court agrees with the Magistrate Judge that *Martinez* would not excuse the procedural default of the claim because Petitioner cannot demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, "which is to say that the petitioner [cannot] demonstrate that the claim has some merit." *See id.* at 1318 (citations omitted).

Instead, as the Magistrate Judge explained in her Report, with respect to Petitioner's allegation that trial counsel should have objected to the jury panel allegedly being informed during voir dire of Petitioner's arrest history, the record indicates that the trial judge ultimately excused a juror who informed the court he had "judged [the defendants] guilty right now," and Petitioner has not shown how he was otherwise prejudiced by trial counsel's failure to object. In addition, with respect to Petitioner's contention that trial

counsel should have objected to certain unidentified language in the indictment being submitted to the jury, the record indicates that the trial judge twice advised the jury that indictments are not evidence and may not be used to determine guilt or innocence of a defendant, and Petitioner has not shown how he was otherwise prejudiced by trial counsel's failure to object.  (ECF No. 23 at 9-11.)  Thus, the Court agrees with the Magistrate Judge that the limited exception of *Martinez* does not apply.  *Moses v. Joyner*, 815 F.3d 163, 169 (4th Cir. 2016) ("*Martinez* emphasized that a petitioner's ineffective-assistance-of-trial-counsel claim must be a colorable one before post-conviction counsel can be deemed ineffective for failing to raise it.").

Finally, to the extent Petitioner asserts in his objections that it would be a gross miscarriage of justice for the Court not to entertain this claim based on the results of co-defendant Alti Monte Haskell's PCR application, the Court is not persuaded.  As an initial matter, this Court is not bound by the PCR court's findings as to Petitioner's co-defendant. Moreover, a review of the order granting Haskell's application, which Petitioner submitted in connection with his objections, indicates that Haskell's amended PCR application specifically raised the issue of trial "counsel's failure to object to the State sending an indictment to the jury that contained language that seemed to indicate the Applicant had a prior record of violent crime."  (*See* ECF No. 31-1 at 2.)  As previously discussed, Petitioner raised different issues on his direct appeal and in his PCR application.  In addition, the PCR judge's order in Haskell's case contains no explanation of his finding that trial counsel erred by failing "to object to inflammatory and superfluous allegations contained within the indictment that incorrectly stated that Applicant had previously been convicted of a prior violent crime."  (*Id.* at 4.)  Here, in arguing that the indictment contained

15

language implying "that petitioner had already been convicted of these charges of the indictment," Petitioner does not even identify the objectionable language or identify which indictment contained the objectionable language, and it is simply not clear from the record whether Petitioner's conclusory and factually unsupported claim is even the same as Haskell's. (ECF No. 1 at 6.)  Moreover, as Respondent noted in its motion for summary judgment, even assuming Petitioner is complaining (as he did at the PCR hearing) of the indictment for possession of a weapon during the commission of a violent crime, which the trial judge read to the jury, the indictment tracks the language of S.C. Code Ann. § 16-23-490(A) and adds the two violent offenses the state alleged Petitioner committed, and Petitioner has not shown that trial counsel's failure to object to the indictment or the judge's reading of the indictment to the jury prejudiced him where the trial judge twice advised the jury that indictments are not evidence and cannot be used to determine a defendant's guilt (and where the indictment merely tracked the statutory language).  Here again, because Petitioner cannot demonstrate that the underlying ineffective-assistance-of-trial-counsel claim (assuming for the sake of argument that his petition raises such a claim) is a substantial one, the Court agrees with the Magistrate Judge that *Martinez* does not apply to excuse the procedural default of the issue, and Petitioner is not entitled to habeas relief on ground one.

## II.    <u>Ground Two</u>

As a second ground for relief, Petitioner alleges that during the cross-examination of Lieutenant Smith his trial counsel introduced a statement from an alleged witness, Torey Brown, that was hearsay, and that his rights pursuant to the Confrontation Clause were violated due to counsel's ineffectiveness.

16

In her Report, the Magistrate Judge determined that Petitioner exhausted ground two, but she determined that Petitioner is not entitled to relief on this ground because the PCR court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. In addition, the Magistrate Judge concluded that the PCR court did not engage in an unreasonable determination of the facts on this issue.

In his objections, Petitioner submits that this is a meritorious issue that the Court should address, and in support, he again relies on the PCR court's adjudication of the issue in his co-defendant's PCR proceedings. After consideration, however, the Court is not convinced by Petitioner's argument. Although the PCR court granted relief to Petitioner's co-defendant based on his co-defendant's trial counsel's failure to object to the introduction of Brown's out-of-court statement through the state's witness, Lieutenant Smith, which testimony the PCR court found deprived Petitioner's co-defendant of the his rights pursuant to the Confrontation Clause, this Court is not concerned with the PCR court's findings as to Petitioner's co-defendant's claims.[2] Rather, this Court is concerned with the PCR court's findings as to Petitioner's claims. And ultimately, the Court cannot say that the PCR court's analysis of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] One reason this is so is because Petitioner and his co-defendant are not similarly situated. For example, in the PCR court's order granting relief to Petitioner's co-defendant, the PCR court determined that the "only testimony connecting [Petitioner's co-defendant] to the scene of the crime" was Brown's statement introduced through Smith's testimony. (ECF No. 31-1 at 5.). In contrast, in Petitioner's case, the PCR court found, for example, that "multiple witnesses testified against [Petitioner]," and that all of the evidence "together overwhelmingly places [Petitioner] at the scene and proves his involvement in this case sufficient for the jury to convict him beyond a reasonable doubt." (ECF No. 17-2 at 274.)

Here, as the Magistrate Judge noted, the PCR court found no error in counsel's intentional introduction of Brown's alleged statement during cross-examination of Lieutenant Smith.  The PCR court explained:

> Applicant alleges Counsel was ineffective for introducing a statement from Mr. Brown, who did not testify at trial, which named Applicant and co-defendant, Monte Haskell, as the perpetrators of the crime.  Applicant testified he was not afforded the opportunity to cross-examine Mr. Brown, and this resulted in prejudice.
>
> Counsel testified he introduced this statement during cross-examination of John Smith, one of the State's witnesses who investigated this case. Counsel stated he believed Mr. Brown relayed false information to law enforcement, and this information was the basis of the arrest warrants for Applicant and co-defendant. (*See transcript pp. 424-432; 593-94*).  Counsel testified his strategy was to show the State was prosecuting a crime based on false information and a false arrest.  Counsel also stated he introduced the statements not to prove that co-defendant shot Victim, but to show John Smith's state of mind in obtaining the arrest warrants for Applicant and Haskell.
>
> Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. *Whitehead v. State*, 308 S.C. 119, 417 S.E.2d 530 (1992).  *See also Dempsey v. State*, 363 S.C. 365, 610 S.E.2d 812 (2005) and *McLaughlin v. State*, 352 S.C. 476, 575 S.E.2d 841 (2003).  Counsel testified he introduced this statement to prove the State was prosecuting a crime based on a false arrest.  Counsel also stated and argued at trial this statement was offered to show the investigator's mindset when procuring an arrest warrant in this case.  I find Counsel articulated valid reasons for introducing this statement on the cross-examination of John Smith, and Applicant has not shown that Counsel was deficient in that choice of tactics.  I, therefore, find that Applicant has failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced thereby.  Accordingly, this allegation is denied.

(ECF No. 17-2 at 271-72.)

In addition, as the Magistrate Judge noted in her Report, at the PCR hearing counsel testified specifically as to his strategy in the case, which was to expose Brown's lies and the police department's arrest based on false information, and ultimately to use

18

Brown's statements to argue that the state had not proven Petitioner's guilt beyond a reasonable doubt.  (*See* ECF No. 23 at 13-15.)  As counsel argued: "Torey Brown is reason to hesitate to convict.  Torey Brown is a reason that you should not be firmly convinced at the State's case.  Torey Brown and how he affected this investigation and influenced people improperly is reasonable doubt, and you should find both of these young men not guilty."  (ECF No. 17-2 at 87-95.)

In all, the Court agrees with the Magistrate Judge that the PCR court's finding that trial counsel was not ineffective in introducing Brown's statement while cross-examining Lieutenant Smith was not contrary to, or an unreasonable application of, clearly established federal law; nor did its rejection result in an unreasonable determination of the facts.  As the PCR court noted, the record indicates that counsel was able to show the jury that Brown's statements to the police–statements that formed the basis of Petitioner's arrest–were false, and this Court cannot say that counsel's strategy was unreasonable or that it unfairly prejudiced Petitioner.

Moreover, the Court does not agree with Petitioner that counsel's actions violated Petitioner's rights under the Confrontation Clause.  Importantly, the trial court determined that Brown's out-of-court statement to Smith was not being introduced for the truth of the matter asserted and thus was not hearsay; instead, as previously set forth, Petitioner's counsel introduced Brown's statement to prove its falsity and to show that Petitioner was arrested based on false information.  *See Crawford v. Washington*, 541 U.S. 36, 60 n.9 (2004) (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted") (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985); *see also Giles v. California*, 554 U.S. 353,

19

376 n.7 (2008) (noting that the Confrontation Clause limits the evidence that the state may introduce but does not limit the evidence that a defendant may introduce). Ultimately, the Court agrees with the Magistrate Judge that Petitioner is not entitled to federal habeas corpus relief on ground two.

## III.    **Ground Three**

As a third ground for relief, Petitioner asserts that trial counsel was ineffective "for not objecting to the solicitor becoming a witness" (ECF No. 1 at 9.) Specifically, Petitioner contends that the prosecutor interjected his own credibility in response to the witnesses changing their testimony from prior statements, but counsel made no objections. In her Report, the Magistrate Judge found that the PCR court's rejection of this claim did not warrant federal habeas corpus relief, and the Magistrate Judge quoted the following portion of the PCR court's order:

> Applicant also claims Counsel was ineffective for not objecting to Solicitor Anthony's line of questioning Mr. Norman concerning their prior conversation about a statement Mr. Norman gave to police. Applicant alleges Solicitor Anthony became a witness in the trial and this, in turn, made the jury believe Mr. Norman's testimony. Counsel testified at the hearing, after reviewing the transcript, he should have objected to this line of questioning as there is case law which disfavors a Solicitor making himself a witness.

> This Court finds, after a full review of the transcript, Counsel did properly object to Solicitor Anthony's examination of Mr. Norman. Starting on page 235, there was an in camera hearing concerning this issue. Counsel argued that *State v. Sierra* stands for the proposition that a prosecutor should not become a witness as it confuses his duties between being an officer of the court and a witness. The trial court overruled Counsel's objection, basing its ruling on *State v. Lee*. In *Lee*, the South Carolina Supreme Court held, although disfavored, there is no prohibition against a prosecutor essentially becoming a witness for the State. The trial court then allowed Solicitor Anthony to treat Mr. Norman as a hostile witness and ask him leading questions.

> In this case, Counsel made a proper objection, thus preserving the issue for

20

appellate review. Additionally, because of the trial court's ruling on this issue, it would have been superfluous to object [to] Solicitor Anthony's questions. Furthermore, this Court finds no prejudice resulted as Mr. Norman refused to answer Solicitor Anthony's questions in a manner which was satisfactory to Solicitor Anthony. Moreover, on cross-examination of Mr. Anthony, Mr. Buergey allowed Mr. Norman to explain he was under pressure when he signed his statement to police and that at trial was not the first time Mr. Norman explained to Solicitor Anthony that his statement contained false information. Lastly, Mr. Norman's testimony was only cumulative to Victim and Ms. Cole's testimony. As above, the overwhelming evidence in this case alleviated any resulting prejudice from Counsel's alleged errors. Accordingly, this allegation is denied.

(ECF No. 17-2 at 275-76.)

In his objections, Petitioner again relies on the PCR court's order granting relief to his co-defendant. However, as previously established, this Court is not concerned with the PCR court's findings as to Petitioner's co-defendant; rather, the Court is concerned with the PCR court's findings as to Petitioner. And after a review of the record, the Court agrees with the Magistrate Judge that the PCR court's rejection of this claim does not entitle Petitioner to habeas corpus relief. As the Magistrate Judge noted, although Petitioner contends that counsel was ineffective for failing to object, the record indicates that counsel did object to the solicitor "interjecting his credibility" and "basically testifying." (ECF No. 17-1 at 237.) The trial judge sustained the objection in part and directed the prosecutor to "refrain from posing the questions in a way that suggests that [Mr. Norman] was just talking" to the prosecutor. (*Id.* at 242.) When the prosecutor did not comply, the judge again reminded him to "ask the questions in the manner instructed." (*Id.* at 248.) Because the Court cannot say that the PCR court's ruling on this issue was contrary to, or an unreasonable application of, clearly established federal law (or that it was based on an unreasonable determination of the facts in light of the evidence presented), the Court finds

Petitioner is not entitled to relief on ground three.

IV.    **Ground Four**

As a fourth ground for relief, Petitioner asserts he was denied a fair trial by the trial judge's jury instruction regarding the definition of malice as it relates to assault and battery with intent to kill.

In her Report, the Magistrate Judge agreed with Respondent that Petitioner failed to exhaust ground four because it was not raised on direct appeal.  In addition, the Magistrate Judge noted that, to the extent Petitioner asserts that the jury charge was incorrect as a matter of state law, such a claim is not cognizable on federal habeas review. Lastly, the Magistrate Judge noted that Petitioner's direct appeal concluded before the South Carolina Supreme Court issued its decision in *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), and thus Petitioner is not entitled to federal habeas relief on this ground. *See Ward v. Warden of Lieber Corr. Inst.*, No. 0:11-3277-RBH-PJG, 2013 WL 1187133, at *18 (D.S.C. Feb. 15, 2003), adopted at 2013 WL 1187112 (D.S.C. March 20, 2013) (finding that *Belcher* did not apply because it was decided after the petitioner's direct appeal was final); *see also Horton v. Warden Kirkland Corr. Inst.*, No. 9:12-2668-CMC-BHH, 2013 WL 57703, at *1 n.1 (D.S.C. Jan. 4, 2013) (discussing *Belcher* and finding that "[t]he determination of when a change in state law becomes effective is purely a state law issue").

Petitioner did not file any specific objections to the Magistrate Judge's recommendation as to ground four, and the court finds no clear error in the Magistrate Judge's findings.  In short, the Court agrees with the Magistrate Judge that the claim is

barred and, in any event, is without merit. *See*, *e.g.*, *Horton*, 2013 WL 57703, at *1 n.1; *Brown v. Cartledge*, No. 1:12-139-TLW-SVH, 2012 WL 4712019, at *10 (D.S.C. Aug. 23, 2012), adopted at 2012 WL 4761433 (D.S.C. Oct. 3, 2012) ("Because Petitioner's conviction was affirmed in 2005 and he was on appeal from denial of PCR when *Belcher* was decided, the change in law did not apply to his case, and the jury charge was appropriate when given."). Accordingly, the Court adopts the Magistrate Judge's findings as to ground four and grants Respondent summary judgment on this ground.

## CONCLUSION

After careful review, the Court agrees with the Magistrate Judge's analysis and finds Petitioner's objections (ECF No. 31) to be without merit. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 23) and grants Respondent's motion for summary judgment (ECF No. 18).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

December 7, 2016
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable

jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.